Lloyd A. JONES *v.* STATE of Arkansas

CR 84-62                                    669 S.W.2d 456

Supreme Court of Arkansas
Opinion delivered May 21, 1984

*Kincaid, Horne & Trumbo,* by: *Bass Trumbo, for appellant.*

*Steve Clark,* Atty. Gen., by: *Marci L. Talbot,* Asst. Atty. Gen., for appellee.

PER CURIAM. From a first-degree murder conviction Jones appealed to the Court of Appeals. After oral argument before a three-judge division the case was transferred to the court en bnac. The trial court's decision was affirmed on April 20, 1984, with a dissent by two of the judges who had heard the oral argument. On the merits of the case the petition for review must be denied, because under Rule 29 (6) there was no reason for the case to be transferred to this court.

In the petition for review, however, the petitioner makes the following assertions: (1) An affirmance of a first-degree murder conviction by a 4-2 vote en banc, after two members of a division had apparently voted to reduce the conviction to second-degree murder, had the effect of placing the appellant in double jeopardy. (2) A statute that

calls for an en-banc decision when the vote of a division is not unanimous is arbitrary and denies equal protection of the law. (3) A decision by an en-banc majority, three of whom did not hear the oral argument, denies due process and equal protection. (The arguments are in fact taped and available to all the judges of both appellate courts.)

All these assertions are contrary to the routine procedure followed by both federal and state courts sitting in divisions throughout the nation. We need not consider such assertions, which are made without convincing argument or authority, for it is apparent without research that they are not well taken. *Dixon* v. *State,* 260 Ark. 857, 545 S.W.2d 606 (1977).

Petition denied.